ANTHONY JOSEPH MARTINEZ (Cal. Bar No. 285602)
JEANNY TSOI (Cal. Bar No. 284575)
LAW OFFICE OF JT, ESQ.
1001 West Imperial Hwy, Suite 3266
La Habra, California, 90631
Telephone: (626) 484-0392
Telephone: (626) 823-0800
amartinezcmb@gmail.com
jeannytsoi@gmail.com

ATTORNEYS FOR PLAINTIFFS

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPUS MUSCIAL INSTRUMENTS, CORPORATION;<br><br>YUNMING CHEN, PRESIDENT AND CHIEF EXECUTIVE OFFICER, OPUS MUSICAL INSTRUMENTS, CORPORTATION<br><br>         Plaintiffs,<br><br>vs.<br><br>KATHY BARAN, DIRECTOR OF CALIFORNIA SERVICE CENTER;<br><br>KENNETH CUCCINELLI, ACTING DIRECTOR, U.S. CITIZENSHIP AND IMMIGRATION SERVICES; AND<br><br>UNITED STATES OF AMERICA<br><br>         Defendants | Case No.: 8:20-cv-00836<br><br>COMPLAINT FOR DECLATORY AND INJUNCTIVE RELIEF AND REVIEW OF AGENCY ACTION PURSUANT TO THE ADMINISTRATIVE PRCOEDURES ACT, 5 U.S.C. § 701, ET SEQ. |

## PRELIMINARY STATEMENT

1. On September 29, 2019, Plaintiffs, Opus Musical Instruments, Corporation ("Petitioner Corporation") and Ms. Yunming Chen ("Beneficiary") (collectively "Plaintiffs"), filed a Form I-129 ("Petition") with the United States Citizenship and Immigration Services ("USCIS"), seeking to classify Beneficiary as an intracompany transferee with a concurrent request for an extension of stay, Case No.: WAC1930750439.

2. Plaintiffs sought to classify Beneficiary as an intracompany transferee pursuant to Immigration and Nationality Act ("INA") § 101(a)(15)(L), 8 U.S.C. 1101(a)(15)(L), which provides that:

> … an alien who, within 3 years preceding the time of his application for admission into the United States, has been employed continuously for one year by a firm or corporation or other legal entity or an affiliate or subsidiary thereof and who seeks to enter the United States temporarily in order to continue to render his services to the same employer or a subsidiary or affiliate thereof in a capacity that is managerial, executive, or involves specialized knowledge …

In the Petition, Plaintiffs represented that Beneficiary would continue to oversee Petitioner Corporation's operations in an executive capacity; "directing the management … or a major component or function of the organization." 8 U.S.C. § 1101(a)(44)(B).

COMPLAINT FOR DECLATORY AND INJUNCTIVE RELIEF AND REVIEW OF AGENCY ACTION PURSUANT TO THE ADMINISTRATIVE PRCOEDURES ACT, 5 U.S.C. § 701, ET SEQ.

2

3. After filing the Petition with USCIS, Plaintiffs received a Request for Evidence ("RFE") seeking the production of additional documentation related to Beneficiary's role as an executive. On March 17, 2020, Plaintiffs produced several documents outlining Beneficiary's role as an executive and her relationship to existing staff.

4. On March 30, 2020, USCIS denied the Petition, finding that Plaintiffs failed to meet their burden of showing that Beneficiary was acting in an executive capacity by either directing the management or a function of the organization. Plaintiffs now seek relief under the Administrative Procedures Act ("APA"), 5 U.S.C § 701 *et seq.*, and request that the Court set aside the decision and order Defendants to grant the Petition.

## JURISDICTION

5. This court has jurisdiction pursuant to 28 U.S.C. § 1331, which provides that district courts "shall have original jurisdiction of all civil actions arising under the constitution, laws, or treaties of the United States." Additionally, the APA, 5 U.S.C. § 701, *et seq.*, authorizes individuals who have suffered a wrong as a consequence of an agency decision to seek judicial review.

//

//

## VENUE

6. Venue is properly before this court pursuant to 28 U.S.C § 1391(e) because this is a civil action brought in a judicial district where defendants, either an officer or agency of the United States, reside or a substantial part of events or omissions giving rise to this cause of action occurred in the Central District of California.

## PARTIES

7. Plaintiff, Petitioner, is a registered corporation of the State of California with its headquarters located in Santa Ana.  It employs five (5) people who are engaged in supporting Beneficiary's efforts to expand sales of Beijing KYT Technology Development Company, Ltd. ("KYT Corporation") instruments throughout the United States.

8. Plaintiff, Beneficiary, is President of KYT Corporation and CEO and President of Petitioner Corporation.  Before starting KYT Corporation, Beneficiary attended Jiangsu University where she studied radio and television.  She has over twenty-five (25) years of sales experience in the music industry and is responsible for managing nineteen (19) employees in two (2) different countries.

COMPLAINT FOR DECLATORY AND INJUNCTIVE RELIEF AND REVIEW OF AGENCY ACTION PURSUANT TO THE ADMINISTRATIVE PRCOEDURES ACT, 5 U.S.C. § 701, ET SEQ.

4

9. Defendant, Kathy Baran ("Director Baran"), is the Director of the California Service Center. The California Service Center is the office within USCIS that denied Plaintiffs' Petition. Director Baran is sued in her official capacity as Director of the California Service Center

10. Defendant, Kenneth Cuccinelli ("Director Cuccinelli"), is the Acting Director of USCIS. USCIS is the administrative agency of the United States responsible for the adjudication of the Petition for Nonimmigrant Worker (Form I-129) that the Plaintiffs have filed. USCIS is a bureau within the Department of Homeland Security. Director Cuccinelli is sued in his official capacity as the Acting Director of USCIS, the executive officer with authority over USCIS.

11. Defendant, United States of America, is responsible for the adjudication of immigration petitions, including the Petition filed by Plaintiffs for the benefit of Beneficiary.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

12. A final decision was reached in this matter on March 30, 2020, when USCIS denied the Petition to extend Beneficiary's L1A status. Accordingly, there are no administrative remedies Plaintiffs must exhaust before pursing this cause of action. *Darby vs. Cisneros*, 509 U.S 137 (1990); 5 U.S.C § 704.

## FACTS

13. Petitioner, is a subsidiary of KYT Corporation, a foreign company registered and conducting business in the People's Republic of China, Beijing. Established in August 2009, KYT Corporation was formed for the purpose of providing:

> technical consulting, technical service; cargo import and export, technology import and export, agent import and export; mechanical equipment sales, electric products, hardware and electrical equipment, daily consumers, costumes, merchandise …

The KYT Corporation was founded by: Beneficiary and Ms. Lei Yang ("Ms. Yang"). At the time of its formation, Beneficiary and Ms. Yang were the exclusive shareholders having each invested ¥500,000.00.

14. Following its formation, Beneficiary was appointed President of KYT Corporation. Before serving as President of the KYT Corporation, Beneficiary worked in the music industry in various roles. In those roles, Beneficiary was responsible for overseeing the purchasing and selling of musical instruments. Since assuming the role of President of KYT Corporation in 2009, the company has expanded to include fourteen (14) employees working in five (5) different departments responsible for carrying out the work of KYT Corporation.

15. In January 2015, KYT Corporation formed Petitioner Corporation as a subsidiary with KYT Corporation being the exclusive shareholder. Beneficiary is registered and conducting business in the State of California. Its office is located at: 1701 East Edinger Ave., Ste. B8, Santa Ana, CA 92705. Petitioner Corporation is in the business of selling and purchasing musical instruments. It was established to help KYT Corporation expand physically in the United States and increase its market presence.

16. Beneficiary is the CEO and President of Petitioner Corporation. As CEO and President, Beneficiary is responsible for overseeing and directing operations on behalf of Petitioner Corporation, including: managing sales; developing strategic plans and overseeing personnel. Petitioner Corporation has five (5) employees supporting Beneficiary in her capacity as CEO and President.

17. On December 29, 2016, Petitioner Corporation, filed a petition for a Nonimmigrant Worker (Form I-129) with USCIS to classify Beneficiary as an intracompany transferee based upon her working in a "managerial" and "executive" capacity. *See* 8 USC §§ 1101(a)(44)(A), (B).

18. On January 4, 2017, USCIS granted the petition and granted Beneficiary an L1A status, effective December 5, 2016, through December 4, 2019.

19. On September 25, 2019, Petitioner Corporation filed a subsequent Petition with USCIS to extend Beneficiary's L1A status beyond the period initially authorized, December 4, 2019. In response, USCIS issued an RFE on February 10, 2020, requesting additional information including: "Cover letters describing documents submitted and the beneficiary's duties and qualifications; Copies of Opus Musical Instruments, Corp.'s corporate documents; Beijing KYT Technology Development Co., Ltd's. foreign organizational chart, and copies of Beneficiary's resume."

20. Upon receipt of the RFE, Petitioner Corporation responded by producing the following documents: "U.S. Petitioner's Letter of Support; Pictures of Beneficiary at Marketing/Networking Events; Updated U.S. organizational chart; Employees recent pay stubs; 941 Forms and the Professional Employees' Diplomas and W-9 Forms."

21. On March 30, 2020, USCIS denied the Petition to extend Beneficiary's status beyond the date authorized, December 4, 2019. In denying the Petition, USCIS concluded that Plaintiffs failed to meet their burden in proving that Beneficiary satisfied the definition of "managerial" or "executive" as provided for under 8 U.S.C. §§ 1101(a)(44)(A), (B). USCIS's denial is arbitrary and capricious and an abuse of discretion,

COMPLAINT FOR DECLATORY AND INJUNCTIVE RELIEF AND REVIEW OF AGENCY ACTION PURSUANT TO THE ADMINISTRATIVE PRCOEDURES ACT, 5 U.S.C. § 701, ET SEQ.

8

unsupported by substantial evidence and not in accordance with law. *See* 5 U.S.C 706(2); *see also Judulang v. Holder*, 565 U.S. 42, 53 (2011).

## LEGAL CLAIMS

### Count 1:

### USCIS violated the APA, 5 U.S.C § 701, *et seq.*,

22. Plaintiffs hereby re-allege and incorporate by reference herein all of the allegations set forth above.

23. Pursuant to the APA, 5 U.S.C. § 706(2)(a), the Court has the authority to set aside an agency decision that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."

24. An agency is considered to have abused its discretion when it fails to "articulate a satisfactory explanation for its action including a 'rational connection between the facts found and the choice made.'" *Motor Vehicle Mfrs. Ass'n of U.S. v. State Farm Mut. Auto Ins. Co.*, 463 U.S. 29, 43 (1983) (citing *Burlington Truck Lines v. United States*, 371 U.S. 156, 168 (1962)).

25. Consequently, a decision rendered by an agency that "'failed to consider an important aspect of the problem' or has 'offered an explanation of the evidence that runs counter to the evidence before [it]'" has violated the APA.

COMPLAINT FOR DECLATORY AND INJUNCTIVE RELIEF AND REVIEW OF AGENCY ACTION
PURSUANT TO THE ADMINISTRATIVE PRCOEDURES ACT, 5 U.S.C. § 701, ET SEQ.

*People of the State of Cal. v. F.C.C*, 39 F.3d 919, 925 (9th Cir. 1994) (quoting *State Farm*, 463 U.S. at 43).

26. Additionally, the Court will determine that an agency's decision is arbitrary and capricious where its interpretation of the law is "irrational or clearly contrary to the plain meaning of the statute." *Olivares v. I.N.S.*, 685 F.2d 1174, 1177 (9th Cir. 1982).

27. While the Court is required to show deference to an agency's decision, such deference is predicated upon the extent an agency's decision is reasonable. *See Sierra Club v. Park*, 756 F.2d 686, 690 (9th Cir. 1985)

28. Here, USCIS abused its discretion and acted arbitrarily when it failed to act in accordance with 8 U.S.C. § 1101(a)(44)(C). Pursuant to § 1101(a)(44)(C), USCIS cannot rely upon "staffing levels … as a factor in determining whether an individual is acting in a managerial or executive capacity" without giving consideration to the "reasonable needs of the organization … in light of [its] overall purpose and stage of development." *See Brazil Quality Stones, Inc. v. Chertoff*, 531 F.3d 1063, 1070 (9th Cir. 2008). Despite this prohibition, USCIS limited its analysis to an examination of Petitioner Corporation personnel to the exclusion of all other evidence.

29. Upon the filing of the Petition, Plaintiffs submitted several documents establishing Beneficiary's role as an executive with Petitioner Corporation. Specifically, Plaintiffs submitted: tax returns, articles of incorporation, bank statements, disclosures of capital investments, letters of support, invoices, purchase orders, promotional materials and duty statements.  Yet, USCIS gave that evidence little to no weight, preferring to focus on staffing.

30. Additionally, USCIS gave no regard to Petitioner Corporation's stage of development: it did not consider the length of time Petitioner Corporation had been in business; it did not consider expenditures made by Petitioner Corporation and it did not consider Petitioner Corporation's assets and debt from 2016 through 2018.

31. Similarly, USCIS gave no weight to Beneficiary's role in directing the management and sales of the Petitioner Corporation.  Instead, it chose to ignore those factors and focus on Beneficiary's relationship to the number of employees working for Petitioner Corporation.  Case in point, in its denial, USCIS stated that "You have not shown that there are employees who will relieve the beneficiary from primarily performing the non-qualifying day-to-day duties of the function."  Because USCIS failed to act in accordance

with Congress' express instructions, its decision is arbitrary and capacious and should be set aside.

### Count 2:

### USCIS violated the APA, 5 U.S.C § 701, *et seq*.,

32. Plaintiffs hereby re-allege and incorporate by reference herein all of the allegations set forth above.

33. The *INA* and 8 U.S.C § 1101(a)(15)(L), provide that a nonimmigrant may seek admission to the United States on a temporary basis as an intracompany transferee provided that individual is working in a "capacity that is managerial, executive, or involves specialized knowledge."

34. In order to qualify as an executive under 8 U.S.C § 1101(a)(15)(L), Petitioner Corporation was required to show that Beneficiary would "primarily … direct[] the management of the organization or a major component or function of the organization."  8 U.S.C § 1101(a)(44)(B).

35. USCIS denied the Petition in part because Petitioner Corporation failed to show that Beneficiary was managing an "essential function" of the organization.  That decision was an abuse of discretion because it was based upon an arbitrary justification, unsupported by statute or regulation.

36. Petitioner Corporation argued that as CEO and President, Beneficiary was responsible for directing the important function of:

> … increasing the market presence and visibility of "KYT" and "Opus" brands, developing Opus Musical USA and the foreign company's international business relationships, and strengthening their position as a global leader in the musical instrument industry … [This function] is "essential" and "core" to both the U.S. and foreign businesses.

37. After review, USCIS concluded that Petitioner Corporation failed to meet its burden of proving that the "'function' of increasing market presence and visibility … is essential to [the] organization." Unfortunately for Petitioner Corporation, USCIS failed to explain its rationale in rendering that decision.

38. Contrary to its obligations under the law to show it engaged "in reasoned decision making," *Judalng*, 565 U.S. at 53, USCIS acknowledges that the term "'essential function' is not defined by statute or regulation" and concludes that Petitioner failed to meet its burden without a "*satisfactory explanation*" or making a "*rational connection between the facts found and the choice made*." *Humane Soc. Of U.S. v. Locke*, 626 F.3d 1040, 1051 (9th Cir. 2010) (citing *State Farm*, 463 U.S. at 43) (quoting *Burlington Truck Lines,* 371 U.S. at 168).

COMPLAINT FOR DECLATORY AND INJUNCTIVE RELIEF AND REVIEW OF AGENCY ACTION PURSUANT TO THE ADMINISTRATIVE PRCOEDURES ACT, 5 U.S.C. § 701, ET SEQ.

13

39. Additionally, USCIS further relies upon staffing levels to support a finding that Beneficiary could not be acting in the capacity of a function manager because there are not enough staff to relieve Beneficiary of the day-to-day duties associated with managing the business. Again, it provides no justification for its analysis other than a conclusory statement that five (5) employees is not enough to free Beneficiary to focus on being an executive.

40. For those reasons, USCIS engaged in an arbitrary review of Petitioner Corporation's request to classify Beneficiary as an executive under 8 U.S.C § 1101(a)(44)(B) and the decision should be set aside.

## Count 3:

### USCIS violated the APA, 5 U.S.C § 701, *et seq*.,

41. Plaintiffs hereby re-allege and incorporate by reference herein all of the allegations set forth above.

42. USCIS erroneously concluded that Beneficiary could not qualify as an executive because Petitioner failed to show that in her capacity as CEO and President, Beneficiary directed the management of the organization.

43. In support of its decision, USCIS looked to a number of factors, including: staffing levels; whether staff were functioning in the capacity of a supervisor or manager and the educational requirements associated with each position.

That analysis was contrary to the law and an abuse of discretion because it conflated two (2) different requirements, which resulted in USCIS reaching the wrong conclusion.

44. Indeed, USCIS applied the duties associated with an employee serving in a "managerial capacity" as defined under 8 U.S.C. 1101(a)(44)(A) with those associated with an individual working as an "executive" under 8 U.S.C. 1101(a)(44)(B). Based upon the language provided for under 8 U.S.C. 1101(a)(44)(B), Petitioner Corporation was not required to show that Beneficiary was supervising "other supervisory employees, professional, or other managerial employees" in order to qualify as an executive pursuant to 1101(a)(44)(B). USCIS drew that conclusion without justification.

45. Moreover, USCIS arbitrarily concluded that each of the positions employed by Petitioner could not qualify as "professional" for purposes of the statute because they did not require professional degrees. But USCIS fails to cite any authority in support of that assertion or how it determined that the positions did not require an advanced degree.

46. For the foregoing reasons, USCIS has abused its discretion under the APA, 5 U.S.C. § 701, *et seq*. and the Court should grant Plaintiffs request for relief.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs respectfully requests the Court grant the following relief:

A. Assume jurisdiction over this matter;

B. Hold unlawful and set aside USCIS's decision denying Petitioner Corporation's Petition on behalf of Beneficiary on the ground that the decision was arbitrary and capricious;

C. Enter an order requiring USCIS to approve Plaintiffs Petition and application for an extension of her L1A status.

D. Award to Plaintiffs attorneys' fees, costs, and interest as permitted by law; and

E. Grant such further and other relief as may be just and proper.

Dated this 30 of April, 2020.

    /s/Anthony Joseph Martinez
ANTHONY JOSEPH MARTINEZ
LAW OFFICE OF JT, ESQ.
1001 W. Imperial Hwy. Ste. 3266
La Habra, CA 90631
Email: amartinezcmb@gmail.com
Telephone: (626) 484-0392